**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH BRUCE DEARMAN,

Defendant-Appellant.

No. 06-6173
(D.C. No. 05-CR-172-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Kenneth Bruce Dearman was convicted by a jury of intentionally accessing a computer through an interstate communication and in excess of his authorization in order to obtain information in violation of 18 U.S.C. § 1030(a)(2)(C); bank theft in violation of 18 U.S.C. § 2113(b); and three counts of knowingly and willfully making false statements to the FBI in violation of

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 1001(a)(2). Mr. Dearman challenges the sufficiency of the evidence to support the jury's verdict. We affirm.

The parties are familiar with the facts of this case and we need not repeat them here. "Sufficiency of the evidence is a legal issue we review de novo." *United States v. Green*, 435 F.3d 1265, 1272 (10th Cir. 2006). When reviewing the record on appeal "we ask only whether taking the evidence . . . together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* (quotation omitted). We note that, although Mr. Dearman correctly recites our standard of review in his appeal brief, he makes no specific argument with respect to what evidence was lacking on any particular element of any of the five counts on which he was convicted. Although he has provided this court with the complete transcript of the proceedings, he "does not cite to, discuss, or address his arguments to any specific [part of the record]." *United States v. Kimler*, 335 F.3d 1132, 1138 (10th Cir. 2003). Mr. Dearman misunderstands his burden as an appellant challenging the sufficiency of the evidence not only to present the evidence to us, but also to explain why it was inadequate. *See Whittington v. Nordam Group Inc.*, 429 F.3d 986, 992 (10th Cir. 2005). This court has no duty to search through the record to find support for his argument. *See Kimler*, 335 F.3d at 1138. Nonetheless, we have reviewed the

record and the parties' briefs and conclude that there was evidence sufficient to permit a reasonable jury to convict Mr. Dearman on all five counts.

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge